IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| J.A. B/N/F ALFREDO ALVAREZ and on behalf of other persons similarly situated; | § § § § | CIV. ACTION NO. 1:19-cv-00921 |
| Plaintiffs, | § § § | CLASS ACTION COMPLAINT OF DISABILITY ACCOMMODATIONS DISCRIMINATION |
| TEXAS EDUCATION AGENCY, and CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT       Defendants. | § § § § | |

**FIRST ORIGINAL CLASS ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW J.A, by and through his father and next friend, Plaintiffs herein, ("PROPOSED CLASS") file this Class Action Complaint alleging that the Texas Education Agency ("the TEA") violated the rights J.A. and Proposed Class Members in the manners and particulars more specifically addressed below.  Moreover, and because of such violation J.A. had a claim against the Corpus Christi Independent School District, ("CCISD" or "the School District") dismissed by a Special Education Hearing Officer appointed by the Texas Education Agency to hear his complaint.  As a matter of course, J.A. appeals that decision   Plaintiffs reserve the right to replead this "Class Action Complaint" if new claims and issues arise upon further development of the facts, as permitted by law.  In support thereof Plaintiffs would respectfully show this tribunal the following:

**I. INTRODUCTION**

1.     J.A. is a student with disabilities who has received Special Education Services pursuant to the *Individuals With Disabilities Education Act*, 20 U.S.C. 1401 et seq. ("IDEA").  Some

     years ago and while he was still a minor, his father filed what is termed a *Request For A Due Process Hearing* ("DPH") with the Texas Education Agency, arguing that the School District where his son attended was not providing him what is termed a *Free Appropriate Public Education* ("FAPE") pursuant to the IDEA. When J.A. turned eighteen (18) years old his father attempted to file another DPH but Counsel for the School District argued that father did have the authority to do so.

2. Mr. Alvarez by and through this Counsel, then asked the Hearing Officer appointed by the TEA, to appoint him "as next friend" for his son, as contemplated by Texas Rules Of Civil Procedure 44. Mr. Alvarez noted that Congress ordered the Texas Education Agency to develop a program or process to serve the needs of students like J.A. and those similarly situated, pursuant to 20 U.S.C. §1415(m)(2), absent a specific program or process, the Texas Rules Of Civil Procedure 44, provided such authority. The Hearing Officer disagreed and refused to so, saying she did not have the authority to do so.

3. Plaintiffs and members of the PROPOSED CLASS are students with disabilities who currently receive or have received in the past or will receive in the reasonably forseeable future, Special Education Services pursuant to the *Individuals With Disabilities Education Act*, 20 U.S.C. 1401 et seq. ("IDEA"), have reached the age of majority in Texas and will have no one to represent them in claims related to the IDEA because the TEA has failed to develop a program to serve such class members, as Congress has ordered them to do, pursuant to 20 U.S.C. §1415(m)(2).

4. As such, and by reason of their disabilities, Plaintiffs and members of the PROPOSED CLASS are being excluded from participation in or being denied the benefits of the services, programs, or activities that are provided by the TEA, and/or being subjected to

discrimination by the TEA. Accordingly, the PROPOSED CLASS brings forth this action pursuant to Federal Rules of Civil Procedure 23; the *Individuals with Disabilities Education Act*, 20 U.S.C. §1401 *et seq.* ("IDEA"); *Title II of the Americans with Disabilities Act*, 42 U.S.C. §12101 *et seq* ("the ADA"); *Section 504 of the Rehabilitation Act of 1973*, 29 U.S.C. §794a ("the Rehab Act"); Constitutional Claims pursuant to 42 U.S.C. Section 1983 and state law claims pursuant to the Texas Constitution, Tex. Const. Art. 1, Sec. 3 [Equal Rights]; Art. 7, §1 [Education] and Chapter 121, Title 8 of the Texas Human Resources Code. They seek nominal damages and equitable relief.

5. Specifically, Plaintiffs seek a preliminary and permanent injunction, pursuant to Federal Rules of Civil Procedure Rule 65, to enjoin the TEA continuing in their discriminatory and unlawful practices and ask the Court to *Order* the Texas Education Agency to develop a program for CLASS MEMBERS as required by federal law.

6. Further, Plaintiffs seek declaratory relief, pursuant to 20 U.S.C. §2201, for Plaintiffs and for each member of the PROPOSED CLASS for violation of their civil rights, along with reimbursement of their attorney's fees and costs of litigation as permitted under the IDEA, 42 U.S.C. §1988, Section 504 and the ADA.

## II. JURISDICTION

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §1331 and §1343 because the matters in controversy arise under the laws of the United States.

8. In addition, jurisdiction is conferred upon this Court for violations of the PROPOSED CLASS' rights pursuant to the IDEA; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; the Americans With Disabilities Act, 42 U.S.C. 12101; constitutional CLAIMS as contemplated by Section 1983 of the Civil Rights Acts for the failure to address and to

accommodate the disabilities of the students, as more fully described below.

9. Furthermore, this Court has supplemental jurisdiction over various state and common law claims pursuant to 28 U.S.C. §1367.

### III. VENUE

10. Pursuant to 28 U.S.C. '1391 this Court is the proper Venue over this cause, as all events and omissions giving rise to Plaintiffs claims occurred in the Western District of Texas, Austin Division.

### IV. BACKGROUND AND OPERATIVE LEGAL STANDARDS

11. The *Individuals with Disabilities Education Act* ("IDEA") and its implementing regulations require that each state which receives disbursements under the IDEA, including the state's political subdivisions executive agencies, such as the TEA must ensure that all students with disabilities are provided what is termed a Free *Appropriate Public Education* ("FAPE").

12. For students who have not reached the age of majority they may be represented by their parent(s) in regard to any and all matters dealing with the students right to a FAPE under the IDEA. When a student turns eighteen years old, as it has for J.A. and for members of the PROPOSED CLASS all parental rights as a their child's legal representative transfer back to the student individually, *see* 20 U.S.C. 1415(m)(1)(B), and that any rights a parent may have had, are now extinguished.

13. Congress recognized that some students with disabilities and minor impairments may continued to be represented by their parent(s) with a viable power of attorney. Other students with more significant impairment could continue to be represented by their parent(s) through a guardianship proceeding. For students not capable of executing a valid power of attorney and whose parents have not chosen to seek a guardianship, Congress asked

       the States to address this situation 20 U.S.C. 1415(m)(2) which as a "Special Rule" states:

> "If, under State law, a child with a disability who has reached the age of majority under State law, who has not been determined to be incompetent, but who is determined not to have the ability to provide informed consent with respect to the educational program of the child, the State **shall** (emphasis added) establish procedures for appointing the parent of the child, or if the parent is not available, another appropriate individual, to represent the educational interests of the child throughout the period of eligibility of the child under this subchapter."

14. Neither the Texas Legislature by statute or the Texas Education Agency by rule as fulfilled their duty under federal law to J.A. and to other students who have reached the age of majority and are similarly situated.

15. Of course the TEA need not seek a statutory or regulatory remedy as all they need to realistically do is to give Hearing Officers the authority to appoint parent as next friend as the Texas Rules of Civil Procedure permit.

16. In any case, the CLASS ACTION lawsuit is intended to address this failure.

## V. PARTIES

17. J.A. lives with his father Alfredo Alvarez, and his younger brother at 5309 Navarro Street, Corpus Christi, Texas, 78415. They live within the Corpus Christi Independent School District catchment area. Alfredo Alvarez has had sole custody of J.A. and his brother since a December 2004 divorce agreement with his ex-spouse D.E.

18. The Texas Education Agency ("TEA"), is the executive agency for the State of Texas regarding educational issues and may be served, pursuant to federal law, policy and practice, by and through its Commissioner, the Honorable Mike Morath, at the William B. Travis Building, 1701 North Congress, Austin, Texas 78701.

19. The Corpus Christi Independent School District is a school district organized under the laws of the State of Texas. At all times pertinent to this case, Jesse was a student at the Corpus

Christi Independent School District. They may be served by and through their Superintendent, the Honorable Dr. Roland Hernandez, Ph. D. at 801 Leopard Street, Corpus Christi, Texas, 78403.

## VI. CLASS ALLEGATIONS

20. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3), Named Plaintiffs bring this class action on behalf of themselves and the PROPOSED CLASS.

21. The exact number of the PROPOSED CLASS is not presently known, but the PROPOSED CLASS consists of all persons who have reached the age of majority, receive special education services under the IDEA, do not have the capacity to execute a viable power of attorney and their parent(s) has not sought a guardianship for their child but require legal representation in IDEA proceedings.

22. Plaintiffs reasonably believe the PROPOSED CLASS is believed to consist of well over 100 members, and joinder of all of such members in this lawsuit is impracticable. All members of the PROPOSED CLASS are known to the Defendant TEA.

23. There are common questions of law and fact in the action that relate to and affect the rights of each member of the PROPOSED CLASS that will generate common answers that will drive resolution of this action. Further, the relief sought is common to the entire PROPOSED CLASS as all members of the PROPOSED CLASS are victims of Defendant's discriminatory, illegal and unconstitutional conduct. Accordingly, pursuant to Federal Rules of Civil Procedure 23(a)(2), there are questions of law and fact common to the PROPOSED CLASS.

24. Named Plaintiffs claims are typical of the Class they represent pursuant to Federal Rules of Civil Procedure 23(a)(3) because Named Plaintiffs claim that Defendants violated the rights

held by the Class under the IDEA and by extension Title II of the ADA and the Rehabilitation Act. There is no conflict between Plaintiffs and any other PROPOSED CLASS members with respect to this action.

25. Named Plaintiffs are adequate representatives of the PROPOSED CLASS pursuant to Federal Rules of Civil Procedure 23(a)(4). The interests of the Named Plaintiffs do not conflict with the interests of the PROPOSED CLASS that they seek to represent, and Named Plaintiffs will fairly and adequately represent the PROPOSED CLASS. Moreover, Plaintiffs intend to prosecute this action vigorously. Therefore, the Named Plaintiffs should be appointed as representatives of the PROPOSED CLASS.

26. This action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedures 23(b)(a)(A) or 23(b)(1)(B) because the prosecution of separate actions by individual members of the PROPOSED CLASS would create a risk of inconsistent or varying adjudications with respect to individual members of the PROPOSED CLASS that, as a practical matter, would be dispositive of the interests of other PROPOSED CLASS members not party to the adjudication, or would substantially impair or impede the ability of other PROPOSED CLASS members to protect their interests, or would establish incompatible standards of conduct and results for Defendants.

27. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the PROPOSED CLASS, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the PROPOSED CLASS as a whole.

28. This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the PROPOSED CLASS predominate

over individual questions for the members of the PROPOSED CLASS, and a class action is superior to other available methods for the fair and efficient adjudication of this case.

29. There are numerous questions of law and fact common to the PROPOSED CLASS including, though not limited to, the following:

   a. Whether the TEA receives federal funds;

   b. Whether the TEA is required to follow Section 504;

   c. Whether the TEA is a public entity under the ADA;

   d. Whether the TEA is an agency of the State of Texas;

   e. Whether the members of the class receives services pursuant to IDEA;

   f. Whether the members of the class have reached the age of majority;

   g. Whether the members of the class are unable to represent themselves;

   h. Whether the members of the class do not have legal guardians;

   i. Whether the members of the class would benefit from the services that Congress has order the TEA to provide.

   j. Whether the School District has violated the Rehabilitation Act;

   k. Whether the School District has failed to provide services to each student, as contemplated by the ADA; and

   l. Whether class members are excluded from participation in or being denied the benefits of the services, programs, or activities of and/or being subjected to discrimination by the TEA.

30. Named Plaintiffs have retained counsel for themselves and the PROPOSED CLASS that are experienced and capable in their field and have been recognized as knowledgeable, capable counsel who have carried out their duties.

## VII. ADMINISTRATIVE EXHAUSTION

31. Plaintiffs contend that Administrative Exhaustion, as is often required by the *Individuals With Disabilities Education Act* ("IDEA"), 20 U.S.C. §1415(1) is not warranted in this cause, as the case is brought as a CLASS ACTION; that a Special Education Hearing Officer does not have the jurisdiction to address class action issues and provide the relief requested, otherwise making Administrative Exhaustion futile.

32. In regard to J.A., Individually, he has exhausted claims at Docket Number 292-SE-0519.

## VIII. FACTS

33. It is uncontroverted that J.A. was born on November 28, 2000 and turned eighteen (18) years old in 2018.

34. It is uncontroverted that J.A. has been a student receiving Special Education services pursuant to the *Individuals With Disabilities Education Act* ("IDEA), 20 U.S.C. §1401 *et seq.* at the Corpus Christi Independent School District. His eligibility for such services has been based upon, and among other things, having a Learning Disability. Additionally he has been diagnosed as having Attention Deficit Hyperactivity Disorder ("ADHD") with a history of Fetal Alcohol Syndrome. It is also uncontroverted he has significant cognitive impairments and in fact, for a number of years the child's *Individualized Educational Plan* reflected his deficits and need for Mr. Alvarez' participation and decision-making on his son's behalf.

35. After J.A. turned eighteen years old the School District has continued to permit his father, Alfredo Alvarez, to both participate and make decisions at the student's regularly scheduled *Admission, Review & Dismissal* ("ARD") *Committee Meeting*.

36. On or about May 14, 2019 Petitioners filed a *Notice Of Filing Of Request For A Special*

*Education Due Process Hearing.* Additionally, Petitioners asked the Hearing Officer to appoint Mr. Alfredo Alvarez as Jesse's *Next Friend* pursuant to Texas Rules Of Civil Procedure 44 in light of the fact the TEA has not developed a program or process to represent the legal needs of students like J.A. and those similarly situated as required by 20 U.S.C. §415(m)(2).

37. On or about May 30, 2019 the Respondent School District filed a *Plea To The Jurisdiction, Motion To Dismiss And Response To Petitioners' Request For A Due Process Hearing* ("the Response") arguing among other things that the Mr. Alvarez does not have the legal authority or *standing* to continue to prosecute this action. Moreover, that the Hearing Officer does not have the authority to appoint Mr. Alvarez as Jesse's *Next Friend.*

38. On or about June 21, 2019 the Hearing Officer rejected this argument and dismissed the case for lack of standing.

39. Plaintiffs appeal this action against the School District individually in concert with this Class Action Complaint and additionally add the Texas Education Agency, as it is most blameworthy and rightful and appropriate Defendant in this cause.

## IX. STATE ACTION

40. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth. In addition, each sentence and paragraph below, likewise incorporates by reference as if fully set forth herein, the one above it.

41. At all relevant and material times Defendant was acting in its capacity as a duly organized executive agency pursuant to the Constitution of Texas, and the statutes and regulations promulgated by the State of Texas.

42. At all relevant and material times the Defendant TEA was acting under the color of state law

when the acts and/or omissions alleged occurred.

## X. VIOLATIONS OF THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

43. The IDEA and its implementing regulations require that each state which receives disbursements under the IDEA, including the state's political subdivisions such as local school districts, must ensure that all students with disabilities are provided a *Free and Appropriate Public Education* ("FAPE").

44. Plaintiffs allege that the Defendant TEA failed to provide members of the PROPOSED CLASS, including J.A., with a process to have legal representation if and when they needed such representation, as required under the IDEA.

## XI. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

45. The Americans With Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

46. The regulations implementing the Americans with Disabilities Act provide that it is discriminatory to deny a person with a disability the right to participate in or benefit from the aid, benefit, or service provided by a public entity.

47. Because the individualized needs of the PROPOSED CLASS is not provide by the Defendant TEA, the PROPOSED CLASS has been, or will be subjected to, discrimination on the basis of disability.

48. As a direct and proximate result of the TEA's violation of Plaintiffs civil rights under the IDEA and by extension the ADA, named Plaintiffs and members of the PROPOSED CLASS have suffered a loss of educational opportunities, both academic and non-academic, as

otherwise provided to students who have not reached the age of majority.

## X. VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973

49. The Section 504 of the Rehabilitation Act of 1973 provides that no otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

50. Because the individualized needs of Plaintiffs and each member of the PROPOSED CLASS has not been met by the Defendant TEA, such persons have been subjected to and continue to be subjected to discrimination solely on the basis of their disability.

51. As the TEA Defendant has failed to follow federal law and assure the development of necessary law or regulations promulgated pursuant to the IDEA, as required also pursuant to the Rehabilitation Act, Plaintiffs have a separate cause of action for such failures.

52. As a direct and proximate result the TEA's District's violation of J.A.'s civil rights under the Rehabilitation Act, he and named Plaintiffs and members of the PROPOSED CLASS have suffered a loss of educational opportunities, both academic and non-academic, as otherwise provided to other students with disabilities have not reached the age of majority.

## XI. VIOLATIONS OF THE UNITED STATES AND TEXAS CONSTITUTIONS

A. VIOLATIONS OF THE UNITED STATES AND TEXAS CONSTITUTION

53. During the relevant time period contemplated by this cause of action, the TEA has an actual practice and custom of conscious and deliberate indifference to the federal and state constitutions, federal law, federal rules, and directives from federal executive agencies in regard to the treatment of the members of Plaintiffs as representative of the PROPOSED

CLASS, and such failures were a moving force in the injuries to each Plaintiff and each member of the PROPOSED CLASS for which all seek recovery pursuant to 42 U.S.C. §1983.

B.     RIGHT TO EQUAL PROTECTION

54. The United States Constitution provides that no state shall deny any person within its jurisdiction the equal protection of the law.

55. Equally the Texas Constitution provides that "all free men...have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges." Texas Constitution, art. 1, Section 3.

56. Plaintiffs individually and as representatives of the PROPOSED CLASS were not provided equal treatment as required by federal law.

57. The acts and omissions of the TEA, as noted above, violated the rights of Plaintiffs individually, and in their capacities as representatives of the PROPOSED CLASS pursuant to the *Equal Protection Clause* of the Fourteenth Amendment, for which Plaintiffs and members of the PROPOSED CLASS seek recovery pursuant to 42 U.S.C. §1983.

C.     CONSTITUTIONAL RIGHT TO A PUBLIC EDUCATION

58. Plaintiffs individually and as members of the PROPOSED CLASS have a cognizable property right in his education pursuant to the Constitution of the United States and Texas, pursuant to Texas Constitution, art. 7.

D.     FAILURE OF THE SCHOOL DISTRICT TO TRAIN AND SUPERVISE

59. Additionally and/or alternatively to the above, the Defendant TEA has failed to supervise its staff, as to the law, their duties and responsibilities thereunder, and regulations related thereto. Such failure rises to the level of a violation of the Due Process Clause of the

Fourteenth Amendment of the Constitution of the United States for which Plaintiff individually and as members of the PROPOSED CLASS seeks recovery pursuant to 42 U.S.C. §1983.

60. In addition, and also in the alternative to the above, the Defendant TEA obviously failed to correctly train staff in regard to the laws, regulations and directives as noted above. Such failures, in addition and in the alternative to the above, rise to the level of a separate violation of the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs individually and as members of the PROPOSED CLASS seek recovery pursuant to 42 U.S.C. §1983.

61. The Texas Education Agency as an arm of the State of Texas may be sued for equitable relief.

## XII. VIOLATIONS OF THE TEXAS HUMAN RESOURCES CODE

62. Chapter 121 of the Texas Human Resources Code provides that a person may seek a civil remedy in a court of competent jurisdiction (*see* Tex. Hum Res. Code §121.003) if that person has been denied access to a facility or a program in this state supported, in whole or in part, by public funds and if an entity has failed to make reasonable accommodations in its policies, practices, and procedures as to the complainant. *See* Tex. Hum Res. Code § 121.004.

63. The acts and omissions of the TEA, as noted above, violated the rights of Plaintiffs individually, and in their capacities as representatives of the PROPOSED CLASS pursuant to the Texas Human Resources Code for which Plaintiffs and members of the PROPOSED CLASS seek recovery.

## XIII. REQUEST FOR RELIEF

64. Plaintiffs respectfully pray that the Court enter an order granting the following relief:

65. An order directing the tea Defendant To cease barring an equal opportunity for education for J.A. and members of the PROPOSED CLASS.

66. An order directing the TEA Defendant to cease excluding Plaintiffs and members of the PROPOSED CLASS from participation in, denying the benefits of, or subjecting to discrimination under any program or activity they may otherwise be afforded under the IDEA.

67. An order requiring the TEA Defendant to send out a message to all public school districts and School Boards in the State of Texas, as well as all Charter Schools to immediately permit a parent, who has been representing their child in all educational matters before they reached the age of majority, to continue doing after they have reached the age of majority, absent a guardianship proceeding that states otherwise.

68. An order requiring the TEA Defendant to send out a message to all Special Education Hearing Officers to immediately permit a parent, who has been representing their child in all educational matters before they reached the age of majority, to continue doing after they have reached the age of majority, absent a guardianship proceeding that states otherwise.

69. Plaintiffs also pray that the Court issue a permanent injunction against Defendants.

70. Without the intervention of this Court, Named Plaintiffs and the members of the PROPOSED CLASS cannot prevent Defendants from continuing their violations of equal protection of the law.

71. Named Plaintiffs and the members of the PROPOSED CLASS request that the court appoint a Special Master to ensure that required changes are reviewed, approved, and implemented.

72. An award to Plaintiff of nominal damages, all attorney's fees, including litigation expenses

and all costs; and an award to Plaintiff for all other relief at law and equity for which the Court deems appropriate.

## XIV.  DEMAND FOR A JURY TRIAL

73.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray in the manner and particulars noted above, including and especially the equitable relief requested; and in an amount sufficient to fully compensate named Plaintiffs and PROPOSED CLASS for the damages enumerated above, and enter a judgment in an amount sufficient to fully compensate them for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and costs for the preparation and trial of this cause of action, and for its appeal if required, pursuant to the IDEA, Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, Section 1983, the Texas Human Resources Code; together with pre- and post-judgment interest, and court costs expended herein, as well as the equitable issues noted above; and for such other relief as this Court in equity, deems just and proper and for such other relief as the Court may deem just and proper in law or in equity.

Respectfully submitted,

Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]

*/s/ Martin J. Cirkiel*
Mr. Martin J. Cirkiel, Esq.
Texas Bar No. 00783829
marty@cikrielaw.com [Email]