UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| J.A. B/N/F ALREDO ALVAREZ, and on behalf of other persons similarly situated,  §§§§§§§§§§§§ | |
| *Plaintiffs* | |
| v. | Case No. 1:19-CV-921-RP |
| TEXAS EDUCATION AGENCY, | |
| *Defendant* | |

# O R D E R

Before this Court are Texas Education Agency's ("TEA") Motion to Stay Discovery, filed December 18, 2019 (Dkt. 19); Plaintiffs' Response, filed December 27, 2019 (Dkt. 21); and TEA's Reply, filed January 3, 2020 (Dkt. 23). On May 15, 2020, the District Court referred the motion to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  Background

J.A. is a student in the Corpus Christi Independent School District ("CCISD") who has received special education services under the Individuals with Disabilities Education Act ("IDEA") due to his learning disabilities and Attention Deficit Hyperactivity Disorder ("ADHD"). On May 14, 2019, when J.A. was 18 years old, J.A.'s father, Alfredo Alvarez, filed a request for a due process hearing with the TEA, arguing that CCISD had failed to provide J.A. with a Free Appropriate Public Education ("FAPE") as required under the IDEA. The TEA Hearing Officer ruled that Alvarez did not have the authority to request a due process hearing on J.A.'s behalf

because J.A. had reached the age of majority. The Hearing Officer also denied Alvarez's request to appoint him as "next friend" for J.A.

On September 19, 2019, J.A. and Alvarez ("Plaintiffs") filed this lawsuit on behalf of J.A. and a proposed unnamed class of similarly situated individuals, alleging that the TEA[1] discriminated against J.A. and the proposed class because of their disabilities, in violation of the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, the Civil Rights Act of 1964, and the United States and Texas Constitutions. Specifically, Plaintiffs complain that they and the members of the proposed class have reached the age of majority in Texas and will have no one to represent them in claims related to the IDEA because the TEA failed to develop a program to serve such class members as required under the IDEA. Plaintiffs seek a preliminary and permanent injunction to enjoin the TEA from continuing in its discriminatory and unlawful practices, declaratory relief for Plaintiffs for violation of their civil rights, and reimbursement of their attorney's fees and costs of litigation as permitted under the IDEA, the Rehabilitation Act, and the ADA.

On December 18, 2019, TEA filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that this lawsuit should be dismissed for lack of jurisdiction, lack of standing, Eleventh Amendment immunity, and failure to state a claim. The same day, TEA filed this Motion to Stay Discovery, arguing that discovery should be stayed until the Court's ruling on the threshold sovereign immunity and jurisdictional challenges raised in the Motion to Dismiss. The Court agrees.

---

[1] Plaintiffs' Original Complaint also named CCISD as a defendant. Dkt. 1. However, Plaintiffs subsequently settled with CCISD, and the District Court dismissed CCISD on December 5, 2019. *See* Dkt. 14. Plaintiffs' First Amended Class Action Complaint is now the "live" Complaint. Dkt. 17.

## II.     Legal Standards and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

As noted, TEA contends that discovery should be stayed until the threshold issues of standing and sovereign immunity are decided. The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Carlisle v. Normand*, 2018 WL 3474715, at *4 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning defendant's sovereign, absolute, or qualified immunity).

The undersigned finds that TEA has established good cause for a stay of discovery of limited duration by demonstrating the existence of the threshold question whether Plaintiff's claims are barred by immunity. Accordingly, the Court **GRANTS** TEA's Motion to Stay Discovery (Dkt. 19) until TEA's Motion to Dismiss has been ruled on by this Court.

**SIGNED** on June 17, 2020.

                                                            SUSAN HIGHTOWER
                                                          UNITED STATES MAGISTRATE JUDGE