# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **J.A. B/N/F ALREDO ALVAREZ** | § | |
| **and on behalf of other persons similarly** | § | |
| **situated,** | § | |
| | § | |
| *Plaintiffs* | § | **Case No. 1:19-CV-921-RP** |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS EDUCATION AGENCY,** | § | |
| | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Texas Education Agency's ("TEA") First Amended Motion to Dismiss, filed December 18, 2019 (Dkt. 18); Plaintiffs' Response, filed January 2, 2020 (Dkt. 22); and TEA's Reply, filed January 9, 2020 (Dkt. 24). On May 15, 2020, the District Court referred the motion to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    Background on the IDEA

The Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq.* ("IDEA"), offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all children with certain physical or intellectual disabilities. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 748 (2017). As defined in the act, a FAPE comprises "special education and related services"—both "instruction" tailored to meet a child's "unique needs" and

sufficient "supportive services" to permit the child to benefit from that instruction. *Id.* An eligible child acquires a "substantive right" to such an education once a State accepts the IDEA's financial assistance. *Id.* Under the IDEA, an "individualized education program" ("IEP") serves as the primary vehicle for providing each child with the promised FAPE and spells out a personalized plan to meet all of the child's educational needs. *Id.*

Because parents and school representatives sometimes cannot agree on the FAPE, the IDEA establishes formal procedures for resolving disputes. Parents are given the authority to enforce their child's IDEA rights, but that authority transfers to the child when he or she turns 18 years old. *See* § 1415(m)(1)(B). To begin the process, a parent, or a child who has turned 18, may file a complaint as to any matter concerning the provision of a FAPE with the local or state educational agency, as state law provides. *See* § 1415(b)(6). That pleading generally triggers a "[p]reliminary meeting" involving the contending parties, *id.* § 1415(f)(1)(B)(i); or the parties may choose to pursue a full-fledged mediation process. *Id.* § 1415(e). The matter then proceeds to a "due process hearing" before an impartial hearing officer. *Id.* §§ 1415(f)(1)(A), 1415(f)(3)(A)(i). Any decision of the officer granting substantive relief must be based on a determination as to whether the child received a FAPE. *Id.* § 1415(f)(3)(E)(i). If the hearing is initially conducted at the local level, the ruling is appealable to the state agency. *Id.* § 1415(g). A parent unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court. *Id.* § 1415(i)(2)(A).

Although a child's rights flow from the federal statute, states are given authority to set up the enforcement procedures for achieving the IDEA's goals. *Id.* § 1415(a). In Texas, the legislature has mandated that TEA "develop, and modify as necessary, a statewide design, consistent with federal law, for the delivery of services to children with disabilities in this state." TEX. EDUC. CODE

ANN. § 29.001. The statewide design must include "rules for the administration and funding of the special education program so that a free appropriate public education is available to all of those children between the ages of three and 21." *Id.* TEA has developed such a design, which it implements through a set of detailed rules. 19 TEX. ADMIN. CODE §§ 89.61-89.1191.

## II.    J.A.'s Case

J.A. is a student in the Corpus Christi Independent School District ("CCISD") who has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), learning disabilities, fetal alcohol syndrome, and significant cognitive impairments. J.A.'s impairments made him eligible to receive special education services under the IDEA. J.A.'s IEP permitted his father, Alfredo Alvarez, to make decisions on J.A.'s behalf and participate in his regularly scheduled Admission, Review & Dismissal ("ARD") Committee Meetings, even after J.A. turned 18 years old.

J.A. was born on November 28, 2000. On May 14, 2019, when he was 18 years old, Alvarez filed a request for a due process hearing with TEA, arguing that CCISD had failed to provide J.A. with a FAPE as required under the IDEA. Alvarez also requested that TEA hearing officer appoint him as J.A.'s next friend under Texas Rule of Civil Procedure 44.

CCISD filed a motion to dismiss the due process proceeding, arguing that Alvarez did not have the legal authority or standing to prosecute the action because J.A. had turned 18 and only he had the authority to bring such an action. The hearing officer agreed with CCISD and dismissed the proceeding for lack of standing. The hearing officer also denied Alvarez's request to appoint him as J.A.'s next friend. Alvarez did not file an administrative appeal of the hearing officer's decision.[1]

---

[1] Plaintiffs contend that it would have been futile to file an administrative appeal because the hearing officer "does not have jurisdiction to address a class action and provide the relief requested." Dkt. 17 ¶ 15. The Supreme Court has held that futility in pursuing administrative relief is an exception to exhaustion under IDEA. *Honig v. Doe*, 484 U.S. 305, 327 (1988).

On September 19, 2019, J.A. and Alvarez ("Plaintiffs") filed this action on behalf of J.A.[2] and a proposed unnamed class of similarly situated individuals. Plaintiffs allege that TEA[3] has discriminated against J.A. and the proposed class because of their disabilities, in violation of the IDEA, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973. Plaintiffs also assert constitutional claims under the Civil Rights Act of 1964, 42 U.S.C. § 1983. Specifically, in their Amended Complaint, Plaintiffs allege that TEA has not developed a program or process to represent the legal needs of students like J.A. "who have turned 18 years old and do not have the mental capacity to make their own decisions or provide informed consent or complete a viable power of attorney or participate in a Due Process Hearing at all." Dkt. 17 ¶ 3. Plaintiffs complain that TEA has never implemented or developed a policy or directive "whereby such a cognitively impaired young adult could have someone represent them to assure they continue to receive FAPE and the ability to implement and enforce the procedural safeguards, even after their 18th birthday." *Id.* Plaintiffs seek declaratory and injunctive relief, as well as damages, attorneys' fees, and costs.

### III.     Legal Standards

TEA brings its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). TEA argues that this case should be dismissed due to lack of jurisdiction, lack of standing, Eleventh Amendment immunity, and failure to state a claim.

### A.  Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction and may exercise only such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins.*

---

[2] On February 7, 2020, the District Court granted Alvarez's motion to appoint Alvarez as J.A.'s next friend. Dkt. 25.

[3] Plaintiffs' Original Complaint also named CCISD as a defendant, but the District Court dismissed the claims against CCISD after it settled with Plaintiffs. Dkt. 14.

*Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Standing is a component of subject matter jurisdiction, and it is properly raised by a motion to dismiss under Rule 12(b)(1). *See Mollis v. Lynch*, 121 F. Supp. 3d 617, 626 (N.D. Tex. 2015) (noting that "whether a party has proper standing is a question of subject matter jurisdiction" (citing *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006)). The requirement of standing has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party

5

not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon*, 426 U.S. at 38, 43).

## B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

6

# IV.    Analysis

As noted, under the IDEA, parents are given the authority to enforce their child's IDEA rights, but that authority transfers to the child when he or she turns 18 "except for a child with a disability who has been determined to be incompetent under State law." 20 U.S.C. § 1415(m)(1)(B). The IDEA also contains a "Special Rule," providing that:

> If, under State law, a child with a disability who has reached the age of majority under State law, who has not been determined to be incompetent, but who is determined not to have the ability to provide informed consent with respect to the educational program of the child, the State shall establish procedures for appointing the parent of the child, or if the parent is not available, another appropriate individual, to represent the educational interests of the child throughout the period of eligibility of the child under this subchapter.

*Id.* § 1415(m)(2).

"[A]lthough the federal statute requires states to set up this procedure, Texas has not done so." *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 255 (5th Cir. 2017). Plaintiffs allege that TEA's failure to implement such procedures negatively impacts students like J.A. who do not have the mental capacity to execute a valid power of attorney or whose parents cannot afford to seek a guardianship through a state court proceeding, and therefore between the ages of 18 to 21 "have no one to represent them." Dkt. 22. Plaintiffs complain that:

> Neither the Texas Legislature by statute or the Texas Education Agency by rule has fulfilled their duty under federal law to J.A. and to other students who have reached the age of majority and are similarly situated. The CLASS ACTION lawsuit is intended to address this failure.

Dkt. 17 ¶ 19. Plaintiffs asks the Court to order TEA "to cease excluding J.A. and members of the PROPOSED CLASS from participation in, denying the benefits of, or subjecting to discrimination under any program or activity they may otherwise be afforded under the IDEA." *Id.* ¶ 59. Plaintiffs also seek an order requiring TEA "to immediately permit a parent, who has been representing their

child in all educational matters before they reached the age of majority, to continue doing [so] after they have reached the age of majority, absent a guardianship proceeding that states otherwise." *Id.* ¶ 60.

The Court addresses TEA's jurisdictional arguments first. *See Ramming*, 281 F.3d at 161 ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

### A.  Plaintiffs' IDEA Claim

TEA first argues that Plaintiffs lack standing because they plead no facts showing Alvarez has obtained any "legal authority to act as J.A.'s representative in this lawsuit." Dkt. 18 at 4. After TEA filed this motion, the District Court appointed Alvarez as J.A.'s next friend to represent him in this lawsuit. Dkt. 25. Accordingly, TEA's argument is moot.

TEA next argues that the Court lacks subject matter jurisdiction because the Court does not have the authority to provide the relief sought by Plaintiffs. In support of this argument, TEA argues that it "is not responsible for assuring the development of necessary Texas State Law or regulations" as "that is strictly the role of the Legislature." Dkt. 18 at 14. TEA also contends that hearing officers do not have the authority under Texas law to appoint parents as next friends.

These arguments are without merit. Plaintiffs allege that TEA has shirked its duties under the IDEA to develop a policy to ensure that cognitively impaired young adults have someone to represent them in administrative proceedings so that they continue to receive their FAPEs and can implement and enforce various procedural safeguards under the IDEA. Plaintiffs ask the Court to order TEA to implement such rules and procedures.

The Court finds that federal and Texas law provide TEA with the authority to promulgate such rules. As noted, under the IDEA, states are given the authority to set up the enforcement procedures for achieving the IDEA's goals. 20 U.S.C. § 1415(a). The Texas Legislature has mandated that

TEA "develop, and modify as necessary, a statewide design, consistent with federal law, for the delivery of services to children with disabilities in this state." TEX. EDUC. CODE ANN. § 29.001. The statewide design must include "rules for the administration and funding of the special education program so that a free appropriate public education is available to all of those children between the ages of three and 21." *Id.* Thus, "Section 29.001 specifically authorizes TEA to adopt rules for the administration of the state's special-education program that are consistent with the requirements of the Federal Act." *Texas Advocates Supporting Kids with Disabilities v. Texas Educ. Agency*, 112 S.W.3d 234, 239 (Tex. App.—Austin 2003, no pet.). In addition, "Section 29.001 echoes the Federal Act by requiring that TEA's rules ensure disabled students a free and appropriate public education by means of an individualized education program." *Id.*

Accordingly, under Texas law, TEA has the authority to promulgate rules regarding the representation of disabled young adults in administrative proceedings in order to ensure that their rights under the IDEA are enforced. *See id.* (holding "that the legislature granted the agency sufficiently broad power in section 29.001 to promulgate a limitations period that it deems would benefit the education of disabled children in the state"). In addition, "[a] state educational agency may be held liable for failure to provide a FAPE under IDEA." *Wood v. Katy Indep. Sch. Dist.*, Civil Action No. H-09-1390, 2011 WL 4383032, at *4 (S.D. Tex. Sept. 20, 2011) (citing *St. Tammany Parish Sch. Bd. v. La.*, 142 F.3d 776, 783-84 (5th Cir. 1998)); *see also Fry*, 137 S. Ct. at 754 (noting that a court may provide a substantive remedy under the IDEA when it determines that a school has denied a student a FAPE); *T.B. v. Bryan Indep. Sch. Dist.*, Civil Action No. H-07-00168, 2007 WL 922215, at *5 (S.D. Tex. Mar. 22, 2007) ("A finding that the plaintiff was denied a FAPE could result in liability for TEA depending on the relief granted. If the court were to find for the plaintiff, TEA could be responsible for providing the statutorily required education

if the BISD is unable or unwilling to provide a FAPE."). Accordingly, TEA's argument that it has no authority to promulgate rules regarding disabled children's representation in due process hearings is without merit.

TEA also argues that although it appoints hearing officers, "such hearing officers are entirely independent of TEA" and it is, therefore, "bound by, and cannot change, the orders issued by independent hearing officers." Dkt. 18 at 11. This argument fails. Plaintiffs ask that this Court review the hearing officer's rulings, not TEA. Clearly, this Court has jurisdiction to review the hearing officer's rulings. *See* 20 U.S.C. § 1415(i)(2)(A).

Taking Plaintiffs' claims as true, as the Court must at this juncture, the Court finds that Plaintiffs have satisfied Article III's injury in fact, causation, and redressability requirements. Accordingly, Plaintiffs have standing to bring this action.

In addition, the Court finds that it has subject matter jurisdiction under the IDEA to review Plaintiffs' IDEA claims. A party "aggrieved by the findings" of TEA may bring an action in state or federal court "with respect to the complaint presented pursuant to this section." 20 U.S.C. § 1415(i)(2)(A). "Section 1415(i)(2)(A) thus limits a party's right of action under the IDEA to issues presented at the due process hearing." *Angela B. v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-0188-D, 2020 WL 2101228, at *3 (N.D. Tex. May 1, 2020).

Based on the limited record[4] before the Court, Plaintiffs asked the hearing officer to appoint Alvarez as J.A.'s next friend pursuant to Texas Rule of Civil Procedure 44 because the "TEA has not developed a program or process to represent the legal needs of students like J.A. and those similarly situated as required by 20 U.S.C. § 415(m)(2)." Dkt. 17 ¶ 23. Because Plaintiffs are

---

[4] When a court reviews a hearing officer's decision under the IDEA, "the court must receive the record of the administrative proceedings and is then required to take additional evidence at the request of any party." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997). Because this case is only at the motion to dismiss stage, record of the administrative proceedings is not before the Court.

raising the same arguments here, the Court finds that it has subject matter jurisdiction under the IDEA to review those claims. Accordingly, TEA's Motion to Dismiss Plaintiffs' IDEA claims under Rule 12(b)(1) for lack of standing and lack of jurisdiction should be denied.

TEA's Rule 12(b)(6) motion to dismiss Plaintiffs' IDEA claim should also be denied. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept all of Plaintiffs' allegations as true. *In re Katrina*, 495 F.3d at 205. A claim based on procedural violations of the IDEA is viable only if the procedural violations affect the student's substantive rights to a FAPE. *L.F. v. Houston Indep. Sch. Dist.*, Civil Action No. H-11-903, 2012 WL 12878216, at *6 (S.D. Tex. June 22, 2012).

> In order to affect a student's substantive right to a FAPE, the procedural violations must (i) impede the child's rights to a FAPE, (ii) significantly impede the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the student, or (iii) cause a deprivation of educational benefits.

*Id.* (citing 20 U.S.C. § 1415(f)(3)(E)(ii)). Plaintiffs allege that TEA failed to (1) collaborate with key stakeholders, (2) address their unique and individualized needs by failing to assure that they have legal representation when necessary, and (3) assure that they received a FAPE and right to educational benefits. Dkt. 17 ¶¶ 41-43. The Court finds that Plaintiffs' Amended Complaint contains sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.

### B.  Plaintiffs' Claims under 42 U.S.C. § 1983

Plaintiffs also allege constitutional and failure to train claims against TEA, pursuant to 42 U.S.C. § 1983. Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S.

11

266, 271 (1994) (quotations omitted). To state a claim under § 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

TEA argues that Plaintiffs' constitutional claims under 42 U.S.C. § 1983 are barred by the Eleventh Amendment. The Court agrees. The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).

Federal courts "may not entertain a private person's suit against a State," unless the State has waived its sovereign immunity or Congress has abrogated it by legislation. *Id.* at 253-54. Moreover, a State's consent to suit under federal law requires a "clear declaration," meaning a statement with "the most express language" or "such an overwhelming implication from that text as will leave no room for any other reasonable construction." *Sullivan v. Univ. of Tex. Health Sci. Ctr.*, 217 F. App'x 391, 393 (5th Cir. 2007). Sovereign immunity acts as a jurisdictional bar and applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

It is well-established that sovereign immunity applies not only to actions where a state itself is the named defendant, but also to actions against state agencies and state instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality

of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). TEA is an agency of the State of Texas. TEX. EDUC. CODE ANN. § 7.002 (West 1995); *Ross v. Texas Educ. Agency*, 409 F. App'x 765, 769 (5th Cir. 2011) (recognizing that TEA is a state agency). Accordingly, it is entitled to sovereign immunity unless there has been clear abrogation by Congress or waiver by the state. *Pennhurst*, 465 U.S. at 100. Congress has not abrogated sovereign immunity for § 1983 suits; nor has the State waived its immunity. *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011). TEA thus is entitled to sovereign immunity as to Plaintiffs' claims under § 1983, and those claims must be dismissed. *See Ross*, 409 F. App'x at 769 (holding that Eleventh Amendment barred equal protection and due process claims pursuant to § 1983 against TEA); *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 683, 685 (E.D. Tex. 2000) (holding that "Eleventh Amendment immunity absolutely bars suit under 42 U.S.C. § 1983 against a state agency, Texas Education Agency").

### C.  Plaintiffs' ADA and Rehabilitation Act Claims

Next, TEA argues that Plaintiffs' ADA and Rehabilitation Act claims fail because their IDEA claim fails. As noted above, the Court has found that Plaintiffs have alleged a plausible claim for relief under the IDEA. Accordingly, this argument is without merit.

TEA also argues that Plaintiffs' ADA and Rehabilitation claims fail because Plaintiffs have failed to allege facts showing that they are "qualified individuals with a disability who were excluded from participation in or denied the benefits of services, programs, or activities by TEA, or subject to discrimination in any way by TEA." Dkt. 18 at 17-18. The Court disagrees.

Both the ADA and Rehabilitation Act prohibit "a qualified individual with a disability from, by reason of such disability, being excluded from participation in, or being denied the benefits of the services, programs, or activities of a public entity, or being subjected to discrimination by any such entity." *Davis v. La Salle Cty., Texas*, No. 5:19-CV-00746-DAE, 2020 WL 3105099, at *5

(W.D. Tex. June 11, 2020) (cleaned up). To state a claim under either act, a plaintiff must allege that (1) he was a qualified individual; (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity; and (3) that the exclusion, denial, or discrimination was because of his disability. *Id.* Plaintiffs have alleged that they have qualifying disabilities, that they are being discriminated against because of their disabilities by being denied adequate representation in due process hearings under the IDEA, and that they have been denied educational opportunities under the IDEA. Dkt. 17 ¶ 44-45. The Court finds that Plaintiffs have alleged plausible claims for relief under the ADA and the Rehabilitation Act. Accordingly, TEA's Motion to Dismiss under Rule 12(b)(6) should be denied.

## V.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that Texas Education Agency's First Amended Motion to Dismiss (Dkt. 18) is **GRANTED IN PART AND DENIED IN PART**. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss Plaintiffs' claims under 42 U.S.C. § 1983, but **DENY** the Motion with regard to all other claims.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

     **SIGNED** on June 21, 2020.

                                          _____

                                          SUSAN HIGHTOWER
                                          UNITED STATES MAGISTRATE JUDGE