## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **J.A. B/N/F ALREDO ALVAREZ** | § | |
| **and on behalf of other persons** | § | |
| **similarly situated,** | § | |
| *Plaintiffs* | § | |
| | § | **Case No. 1:19-CV-921-RP** |
| **v.** | § | |
| | § | |
| **TEXAS EDUCATION AGENCY,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Opposed Motion to Add Parties, filed September 22, 2021 (Dkt. 64); Plaintiffs' Motion for Judgment on the Pleadings or in the Alternative No-Evidence Motion for Summary Judgment, filed September 28, 2021 (Dkt. 66); Defendant's Second Amended Motion To Dismiss, filed October 19, 2021 (Dkt. 71); and the associated response and reply briefs.[1]

## I.     General Background

### A.  Individuals with Disabilities Education Act

Congress enacted the Individuals with Disabilities Education Act ("IDEA") to ensure that all children with disabilities have access to public education, including special education and related services. 20 U.S.C. § 1400(d)(1)(A). The IDEA requires school districts in states receiving

---

[1] The District Court referred the motions to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Plaintiffs' Motion for Relief from the District Court's Order adopting the undersigned Magistrate Judge's previous Report and Recommendation is pending before the District Court. Dkt. 61.

designated federal funds to implement policies and procedures to assure that each disabled student residing in the state between the ages of 3 and 21 receives a "free appropriate public education," or "FAPE." *R.H. v. Plano Indep. Sch. Dist.*, 607 F.3d 1003, 1008 (5th Cir. 2010) (quoting 20 U.S.C. §§ 1412(a)(1), 1415(a)). A FAPE comprises both instruction tailored to meet a child's unique needs and sufficient supportive services to permit the child to benefit from that instruction. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749 (2017). An eligible child acquires a "substantive right" to such an education once a state accepts the IDEA's financial assistance. *Id.*

Under the IDEA, an "individualized education program" or IEP serves as the "primary vehicle" for providing each child with the promised FAPE. *Id.* Crafted by a child's "IEP Team"—a group of school officials, teachers, and parents—the IEP spells out a personalized plan to meet all of the child's educational needs. *Id.*

Because the State of Texas receives federal education funding, "all school districts within its borders must comply with the IDEA." *J.B. b/n/f Lauren B. v. Frisco Indep. Sch. Dist.*, 528 F. Supp. 3d 614, 634 (E.D. Tex. 2021). The Texas Legislature has mandated that the Texas Education Agency ("TEA") "develop, and modify as necessary, a statewide design, consistent with federal law, for the delivery of services to children with disabilities in this state." TEX. EDUC. CODE ANN. § 29.001. The statewide design must include "rules for the administration and funding of the special education program so that a free appropriate public education is available to all of those children between the ages of three and 21." *Id.*

The IDEA establishes formal procedures for resolving any disputes over a child's FAPE. First, a dissatisfied parent or a child who has turned 18 may file a complaint as to any matter concerning the provision of a FAPE with the local or state education agency. *Id.*; 20 U.S.C. § 1415(b)(6). That pleading generally triggers a preliminary meeting of the contending parties, but the parties have

the option to pursue mediation instead. If the impasse continues, the matter proceeds to a due process hearing before an impartial hearing officer. *Fry*, 137 S. Ct. at 749. Any decision of the hearing officer granting substantive relief must be based on a determination whether the child received a FAPE. A complainant unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court. *Id.*; 20 U.S.C. § 1415 (i)(2)(A).

Relevant here, under the IDEA, parents have authority to enforce their child's rights under the statute, but that authority transfers to the child when he or she turns 18 years old, "except for a child with a disability who has been determined to be incompetent under State law." 20 U.S.C. § 1415(m)(1)(B); *see also Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 254 (5th Cir. 2017) ("As with other legal claims, rights under the IDEA must be asserted by the individual possessing those rights once the person has reached the age of majority unless another party has been appointed to legally assert those rights.") (citing TEX. EDUC. CODE § 29.017(a); 20 U.S.C. § 1415(m)(2)). A parent does not have the capacity to file suit on behalf of a child who has turned 18 unless the parent obtains a state court order appointing the parent as the child's guardian. *Reyes*, 850 F.3d at 254.

The IDEA also contains the following "Special Rule," which provides that:

> If, under State law, a child with a disability who has reached the age of majority under State law, who has not been determined to be incompetent, but who is determined not to have the ability to provide informed consent with respect to the educational program of the child, the State shall establish procedures for appointing the parent of the child, or if the parent is not available, another appropriate individual, to represent the educational interests of the child throughout the period of eligibility of the child under this subchapter.

20 U.S.C. § 1415(m)(2). Although the IDEA "requires states to set up this procedure, Texas has not done so." *Reyes*, 850 F.3d at 255 (5th Cir. 2017).

**B.  Plaintiffs' Claims**

J.A. is a student in the Corpus Christi Independent School District ("CCISD") who has been diagnosed with Attention Deficit Hyperactivity Disorder, learning disabilities, fetal alcohol syndrome, and significant cognitive impairments. J.A.'s impairments made him eligible to receive special education services under the IDEA. J.A.'s IEP permitted his father, Alfredo Alvarez, to make decisions on J.A.'s behalf and participate in his regularly scheduled Admission, Review & Dismissal ("ARD") Committee Meetings, even after J.A. turned 18 years old.

On May 14, 2019, when J.A. was 18 years old, Alvarez filed a request for a due process hearing with the TEA, arguing that CCISD failed to provide J.A. with a FAPE. Alvarez also asked to be appointed as J.A.'s next friend under Texas Rule of Civil Procedure 44.

CCISD filed a motion to dismiss the due process proceeding, arguing that Alvarez did not have the legal authority or standing to prosecute the action because J.A. had turned 18 and only J.A. had the authority to bring such an action. The TEA Special Education Hearing Officer ("SEHO") agreed with CCISD and dismissed the proceeding for lack of standing. The SEHO also denied Alvarez's request to be appointed as J.A.'s next friend. Alvarez did not file an administrative appeal and argues that such an appeal would have been futile because the SEHO "does not have the jurisdiction to address a class action and provide the relief requested." Dkt. 17 at 7.

Alvarez, on behalf of J.A. and a proposed unnamed class of similarly situated individuals (collectively, "Plaintiffs"), sued the TEA on September 19, 2019. Alvarez alleges that the TEA failed to provide Plaintiffs a FAPE and excluded them from participation in its services because of their disabilities, in violation of the IDEA, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, and the Civil Rights Act of 1964, 42 U.S.C. § 1983. Dkt. 1. Plaintiffs allege that J.A. and members of the proposed class "who have turned 18 years old and do not have the mental capacity to make their own decisions or provide informed consent

or complete a viable power of attorney" are being denied the benefits, services, and programs provided by the TEA under the IDEA. Dkt. 17 ¶ 3. "That is because the TEA has never implemented or developed a rule, a practice, process, policy or directive whereby such a cognitively impaired young adult could have someone represent them to assure they continue to receive FAPE and the ability to implement and enforce the procedural safeguards, even after their 18th birthday." *Id.* Plaintiffs further allege that "the only legal relationship the TEA recognizes for such persons is where a legal guardian has been appointed by a court," which "is time consuming, costly and beyond the financial reach of many, many families here in Texas." *Id.* Plaintiffs further allege that the failure to adopt the Special Rule "conflicts with the State's duty to insure that students receive a *Free Appropriate Public Education*." *Id.*

Plaintiffs seek various forms of injunctive relief, including a request to order the TEA to "immediately permit a parent, who has been representing their child in all educational matters before they reached the age of majority, to continue doing [so] after they have reached the age of majority, absent a guardianship proceeding that states otherwise." *Id.* ¶ 60. Plaintiffs also seek nominal damages, attorneys' fees, and costs.

## C. Procedural Background

On December 18, 2019, the TEA moved to dismiss all of Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 18. On June 21, 2020, the undersigned Magistrate Judge issued a Report and Recommendation that the District Court grant the Motion to Dismiss as to Plaintiffs' claims under Section 1983 but deny the Motion as to all other claims. Dkt. 29. The District Court adopted the Report and Recommendation on September 3, 2020. Dkt. 33.

On October 15, 2020, Plaintiffs filed a Motion to Certify the Class pursuant to Federal Rule of Civil Procedure 23(c)(1). Dkt. 34. On December 9, 2020, the Magistrate Court issued a Report and Recommendation that the District Court deny the Motion to Certify, finding that Plaintiffs failed

to sustain their burden of proof to show that class certification was proper under Rule 23. Dkt. 47. The District Court adopted the Report and Recommendation on January 9, 2021. Dkt. 52.

On March 12, 2021, a bill was filed in the Texas Senate to enact the IDEA's Special Rule provision. Dkt. 61-2. According to Plaintiffs, if the Texas Legislature had passed Senate Bill 2105, it would have "cure[d] the problems Plaintiffs noted in their *Original Complaint* . . . and reiterated repeatedly." Dkt. 61 at 3. The District Court abated the case while the Legislature considered the bill, which died in committee. Dkt. 71 at 12 n.1.

Plaintiffs now seek to add more two plaintiffs and move for judgment on the pleadings under Rule 12(c). Dkts. 64, 66. The TEA opposes the motions and has filed a Second Amended Motion to Dismiss under Rule 12(b)(1) and 12(b)(6). Dkt. 71. Plaintiffs oppose the motion to dismiss.

## II.   Legal Standards

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* In deciding a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Stratta v. Roe*, 961 F.3d 340 (5th Cir. 2020).

## B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry generally is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.    Plaintiffs' Motion to Add Parties

Plaintiffs seek to add H.L. and the Coalition of Texans With Disabilities as plaintiffs in this case pursuant to Federal Rule of Civil Procedure 20. The TEA argues that Plaintiffs' motion should be denied because they have failed to meet the two-prong test for joinder of parties under Rule 20

and are not proper parties to this lawsuit. Plaintiffs did not file a reply brief and thus did not respond to these arguments.

Under Rule 20(a)(1), the joinder of plaintiffs is permitted "when (1) their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and when (2) there is at least one common question of law or fact linking all claims." *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 202 (5th Cir. 2017) (internal citation marks omitted). But "even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id*. Courts have found that joinder under Rule 20 "is distinct from a grant of jurisdiction and . . . cannot be used to expand the jurisdiction of the federal courts." *Farley v. Saxon Mortg. Co.*, No. CV-06-BE-1864-W, 2007 WL 9711658, at *4 (N.D. Ala. Oct. 19, 2007) (quoting *Christensen v. Beneficial Nat'l Bank*, 972 F. Supp. 681, 683 n.2 (S.D. Ga. 1997)); *see also Easter v. Am. W. Fin.*, 381 F.3d 948, 963 (9th Cir. 2004) (holding that Rule 20 "do[es] not create standing in a plaintiff who otherwise lacks it"); *Dash v. FirstPlus Home Loan Owner Tr. 1996-2*, 248 F. Supp. 2d 489, 503 (M.D.N.C. 2003) ("Plaintiffs cannot use joinder rules to cure their lack of standing.").

## A. H.L.

H.L. is a 19-year-old resident of Cameron County, Texas who is eligible to receive special education services under the IDEA until he turns 21. Plaintiffs allege that H.L. needs "a person to handle him in his day-to-day legal concerns, needs a person to represent him at his annual ARD Committee Meetings and need[s] a person to handle a complaint process for him if FAPE is not provided." Dkt. 64 at 3. H.L.'s due process hearing was dismissed on January 20, 2021. Dkt. 67 at 3.

The TEA argues that Plaintiffs have not alleged sufficient facts to show that H.L.'s claims "arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's

claims." Dkt. 67 at 2. By not filing a reply brief, Plaintiffs have failed to dispute TEA's argument. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) ("A party 'waives an issue if he fails to adequately brief it.'") (quoting *Castro v. McCord*, 256 F. App'x 664, 665 (5th Cir. 2007)); *Briones v. Lab. Tops, Inc.*, No. 1:19-CV-878-RP, 2021 WL 2709674, at *2 (W.D. Tex. May 10, 2021) (finding that plaintiff failed to dispute argument by not filing reply brief).

Even had Plaintiffs met the two-factor joinder test, the Court would exercise its discretion to deny joinder because H.L.'s potential claims under the IDEA are time-barred. Under the IDEA's implementing regulations, "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer or, if applicable, the decision of the State review official, to file a civil action." 34 C.F.R. § 300.516(b). H.L.'s due process hearing was dismissed on January 20, 2021, so he had until April 20, 2021 to file suit under the IDEA. Because H.L. did not do so, any potential claims under the IDEA are time-barred. *See J.H. ex rel Sarah H. v. Nevada City Sch. Dist.*, No. 2:14-CV-00796-TLN, 2015 WL 1021424, at *4 (E.D. Cal. Mar. 9, 2015) (finding that plaintiff's IDEA claims were time-barred under § 300.516(b)). Accordingly, H.L. should not be permitted to join this action as a plaintiff.

**B.  Coalition**

Plaintiffs also seek to add as a plaintiff the Coalition of Texans With Disabilities,  a Texas-based disability advocacy organization. Plaintiffs assert that the Coalition "protects and benefits Texans with disabilities, their families, service providers and communities," and that "the Board of Directors and staff take a special interest in Special Education Services for Children With Disabilities." Dkt. 64 at 4. Plaintiffs allege no facts showing that the Coalition's claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" as Plaintiffs' claims. Accordingly, Plaintiffs have not demonstrated that the Coalition should be added as a party.

For these reasons, the Court recommends that Plaintiff's Motion to Add Parties be denied.

#### IV.    TEA's Second Amended Motion to Dismiss

The TEA argues that Plaintiffs' suit should dismissed because: (1) the Court should abstain from exercising its jurisdiction under the abstention doctrine established by the Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); (2) Plaintiffs' claims are moot; (3) the Court cannot order the TEA to engage in rulemaking; and (4) the Legislature, not the TEA, has the ability and authority to redress Plaintiffs' alleged harm by amending the Texas Education Code. Because the TEA's mootness argument goes to the Court's jurisdiction, the Court must address that argument first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

#### A.  Article III's Case or Controversy Requirement

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing "Cases" or "Controversies." U.S. CONST. art. III, § 2; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 477.

To satisfy Article III's standing requirements, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Spokeo*, 578

U.S. at 338. Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Id.*

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980).

## B. Mootness

On February 7, 2020, five months after Plaintiffs filed this action, the District Court granted Alvarez's motion to appoint him as "J.A.'s next friend for this lawsuit against Defendant Texas Education Agency." Dkt. 25. The TEA argues that "Plaintiffs lack standing to pursue their claims because their claims are moot—J.A.'s father has been appointed 'next friend' and, accordingly, is capable of representing and making decisions on behalf of J.A. at administrative hearings pertaining to J.A.'s education." Dkt. 69 at 2.

The appointment of Alvarez moots Plaintiffs' claim asking the Court to order the TEA to cease excluding J.A. "from participation in or being denied the benefits of the services, programs, or activities that are provided by the TEA." But it does not moot Plaintiffs' request to order the TEA to enact the Special Rule. Accordingly, the TEA's mootness argument lacks merit, and the undersigned recommends against dismissing this case as moot.

## C. Standing

Nonetheless, Plaintiffs have not shown that the relief they request is redressable by the TEA. The Court therefore finds that Plaintiffs lack standing to pursue this case.

As discussed *supra*, the Texas Legislature has not enacted the IDEA's Special Rule. *Reyes*, 850 F.3d at 255. The central relief Plaintiffs seek is for the Court to order the TEA to adopt the Special Rule.

Texas Education Code Section 29.017 provides that:

> A student with a disability who is 18 years of age or older or whose disabilities of minority have been removed for general purposes under Chapter 31, Family Code, shall have the same right to make educational decisions as a student without a disability, except that the school district shall provide any notice required by this subchapter or 20 U.S.C. Section 1415 to both the student and the parents. All other rights accorded to parents under this subchapter or 20 U.S.C. Section 1415 transfer to the student.

Senate Bill 2105, which would have amended the Texas Education Code to incorporate the Special Rule, was introduced during the 87th Regular Legislative Session in 2021, but did not pass. The Bill's Statement of Intent provided that:

> In Texas, there are approximately 23,054 students between the ages of 18 and 21 receiving special education services in public schools. These students have a wide variety of needs and abilities, and many require the involvement of another adult in their continued education. Under the Individuals with Disabilities Education Act (IDEA), for instance, an adult student receiving special education services must have access to a process allowing his or her parent, or if the parent is not available, another appropriate person, to be appointed their educational representative. Texas, however, does not have such a process, and it is not in compliance with IDEA.
>
> S.B. 2105 would create a procedure allowing the appointment of an educational representative for a student with disabilities between the ages of 18 and 21 who lacks a legal guardian and is transitioning out of high school. This would provide these students with disabilities the assistance needed to pursue an education and to advocate for their best interests.
>
> As proposed, S.B. 2105 amends current law relating to the appointment of an educational representative for certain students with disabilities.

Dkt. 61-2 at 1.

The TEA, as a state agency, has no legal authority to enact the Special Rule; only the Texas Legislature has the power to amend Section 29.017 of the Texas Education Code and implement the Special Rule. Tex. Const. art. III, § 1. Plaintiffs acknowledge that they cannot "compel the Texas Legislature to Act," and that the failure of Senate Bill 2105 means that they "still have no ability to effectuate their rights under the IDEA." Dkt. 61 at 2; Dkt. 73 at 8.

As noted, the case or controversy requirement "subsists through all stages of federal judicial proceedings" and "parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin*, 568 U.S. at 172. Courts have an obligation to examine *sua sponte* whether a justiciable case or controversy exists. *Juidice v. Vail*, 430 U.S. 327, 331 (1977). Although the undersigned Magistrate Judge previously determined that Plaintiffs had standing to bring this case, Dkt. 29 at 8-9, the parties' briefing of the instant motions and the introduction and failure of Senate Bill 2105 persuade the Court that Plaintiffs' pending requests for relief are not redressable.

Because the TEA has no power to redress the injuries alleged, Plaintiffs have no case or controversy with the TEA that will permit them to maintain this action in federal court. *See E.T. v. Paxton*, 19 F.4th 760, 766 (5th Cir. 2021) (holding that students lacked standing to assert ADA and Rehabilitation Act claims against Texas Attorney General because students could not show that injury was redressable where Attorney General had no authority to impose mask mandates in particular schools); *Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001) ("Because these defendants have no powers to redress the injuries alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in federal court."). Accordingly, Plaintiffs' case should be dismissed for lack of jurisdiction.[2]

---

[2] Because the Court lacks subject matter jurisdiction over this case, it does not address the parties' alternative arguments.

## V.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court: (1) **DENY** Plaintiffs' Motion to Add Parties (Dkt. 64); (2) **DENY** Plaintiffs' Motion for Judgment on the Pleadings or in the Alternative No-Evidence Motion for Summary Judgment (Dkt. 66); and (3) **GRANT** Defendant's Second Amended Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1) (Dkt. 71).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 15, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE